IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STACEY NATURMAN, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| PEACH OPTIKS, INC., ) | JURY TRIAL DEMANDED |
| HOWARD H. OIFER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Stacey Naturman (hereinafter "Plaintiff"), and files this lawsuit against Defendants Peach Optiks, Inc., and Howard H. Oifer (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

4

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Peach Optiks, Inc., is a Georgia corporation, and the unlawful employment practices described herein occurred at 10775 U.S. Highway 9, Roswell, Georgia, 30076. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendants from November 2006 to June 2011 as a manager and engaged in sales work.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

9.

Defendants employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant Peach Optiks, Inc., is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant Howard H. Oifer was Plaintiff's supervisor who had discretion over Plaintiff's payroll and overtime compensation. Defendant Oifer works both directly and indirectly in the interest of Peach Optiks, Inc., and was in a supervisory position over the named Plaintiff.

13.

Peach Optiks, Inc., is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

14.

Defendant Howard Oifer is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

15.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. Facts

16.

Plaintiff worked for the Defendants within the past three years.

17.

Plaintiff was an hourly employee, not a salaried employee.

18.

During the relevant time period, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when she worked more than forty (40) hours in a workweek.

19.

Plaintiff was only paid her regular hourly rate for all hours worked over forty (40) hours in a workweek.

20.

On multiple occasions, Plaintiff complained to the owner of the company, Dr. Howard H. Oifer, and her immediate supervisor, Mr. Henry Pash, about the company's failure to pay her one-and-one-half times her regular hourly rate for all hours worked over forty (40) hours in a workweek.

21.

Both Dr. Oifer and Mr. Pash repeatedly told Plaintiff that she was not entitled to overtime because she was a manager.

22.

Plaintiff asked Mr. Pash why the hourly employees who did not perform managerial duties were not paid one-and-one-half times their regular hourly rate for all hours worked over forty (40) in a workweek. Mr. Pash told Plaintiff that every employee was classified as a "manager" for payroll purposes.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

23.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

24.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

25.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. Prayer for Relief

26.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the ____ day of December, 2011.

**BARRETT & FARAHANY, LLP**

_____
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Stacey Naturman

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile

11